19706. CRAVEY *v.* ASHBURN BANK.

DECIDED JANUARY 25, 1930.

BELL, J. This is a companion case to *Luke* v. *Ashburn Bank,* ante, 802. The only defense in the instant case was that the defendant surety was discharged because the plaintiff had extended the maturity of the note to a future date in consideration of the payment of advance interest by one of the makers, without the knowledge or consent of the defendant. While it appeared without dispute that the extension was granted as alleged, there was evidence

for the plaintiff from which the jury were authorized to find that the defendant agreed to such extension, though the evidence was in conflict upon the question. The verdict for the plaintiff upon such disputed issue of fact can not be set aside by this court, under the general grounds of the motion for new trial. *McLendon* v. *Reynolds Grocery Co.*, 160 *Ga.* 763 (6) (129 S. E. 65). Numerous other decisions to the same effect might be cited.

It is true the evidence shows that the defendant was not present at the time the money was actually paid, and might not have known that it was ever paid; but the plaintiff introduced evidence to the effect that at a conference between the plaintiff's attorney and all parties to the instrument, including the defendant, an agreement was entered into whereby the interest would be presently paid and the note extended, and that the plaintiff acted merely within the terms of this agreement. In these circumstances the jury were authorized to find against the defendant and in favor of the plaintiff as to the defense made.

■ · The defendant complains that the court erred in giving in charge to the jury the provisions of section 4286 of the Civil Code of 1910, upon the ground that such instruction was not authorized by the evidence or the pleadings in the case. While the charge complained of was inapplicable to and unauthorized by any evidence or pleading relating to the defense made by this defendant, the same trial involved both the plea of this defendant and that of a co-defendant who interposed a different defense, and the principles of the charge were applicable to the issues made between the plaintiff and the other defendant, and were so stated as to apply to that defendant only. It follows that the giving of such charge affords no ground for a new trial to the defendant in the instant case.

■ The other questions raised by the motion for a new trial in this case are controlled by the rulings made in the *Luke* case, supra. The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*